# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIAN T. GEORGE,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DOCKET NUMBER<br>AT-0752-15-0051-I-1<br><br><br>DATE: June 4, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Julian T. George, Anderson, South Carolina, pro se.

Benjamin Thomas Clark and Linda D. Taylor, Savannah, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective September 30, 2014, the appellant resigned from his position as a GS-9 Natural Resources Specialist (Ranger) at the Richard B. Russell Lake and Dam Project (RBR project) in Elberton, Georgia. Initial Appeal File (IAF), Tab 1 at 7. He filed a Board appeal alleging that his resignation was involuntary and that the agency improperly denied his request to withdraw his resignation prior to its effective date. *Id.* at 5.

¶3 The essential facts, as set forth by the administrative judge and not contested by the parties on review, are that in Fall 2013, the appellant informed his first-level supervisor that he had decided to make a career change and apply to nursing school. IAF, Tab 16, Initial Decision (ID) at 2. In April 2014, the appellant further informed his supervisor that he would no longer be able to work full time because he had been accepted into a nursing program, which began in May 2014. *Id.* According to the appellant's supervisor, he consulted with his supervisor, who suggested that the appellant work part time through September 30, 2014, the end of the fiscal year, to help train his replacement. *Id.*

On April 29, 2014, the appellant signed a written memorandum that had been prepared for him by an agency Operations Support Specialist which stated, "I will begin attending nursing school in May 2014 and would like to request a change in my schedule from full time to part time effective 18 May 2014. My schedule will be Saturday and Sunday, 8 hours each day. Total will be 32 hours/pay period. I will be resigning from my position as Natural Resource Specialist on 30 September 2014." ID at 3; *see* IAF, Tab 5 at 20. Effective May 15, 2014, the appellant began working part time. ID at 3. On May 21, 2014, the agency sent out an internal announcement seeking an individual interested in a permanent reassignment to the RBR project as a GS-9 Ranger. ID at 4; *see* IAF, Tab 6 at 8-10. Pursuant to the internal announcement, B.G.[2] was reassigned as a GS-9 Ranger for the RBR project. ID at 4.

¶4    On July 13, 2014, the appellant emailed his first-level supervisor and requested to continue working part time beyond September 30, 2014. ID at 4; *see* IAF, Tab 6 at 7. On August 4, 2014, the appellant submitted a written memorandum to his supervisor reiterating his request to continue working in a part-time status and stating that the memorandum constituted his "written notification of such request under CFR Title 5, Part 715.202(b)." ID at 4; *see* IAF, Tab 5 at 23. In response, the appellant's supervisor called and informed him that his request to withdraw his resignation under 5 C.F.R. § 715.202(b) was denied because the agency already had filled his position. ID at 5.

¶5    After holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction finding that the appellant's resignation was voluntary and that the agency had a valid reason for denying his request to withdraw his resignation. ID. Specifically, the administrative judge determined that there was no evidence that the appellant did not willingly sign the resignation letter agreeing to resign effective September 30, 2014. ID at 7. In addition, the administrative judge

---

[2] We have identified this individual by his initials instead of his full name.

found that the agency had valid reasons for denying the appellant's request to withdraw his resignation because the appellant had agreed to resign in exchange for the opportunity to work in a part-time capacity through the end of the fiscal year and the agency had already hired another employee to fill the appellant's position.  ID at 5-6.

¶6        The appellant has filed a petition for review in which he asserts that the administrative judge improperly found that his resignation was voluntary, that the agency had hired another employee to fill his full-time position, and that the agency was not required to notify him in writing of its decision to deny his request to withdraw his resignation.  Petition for Review (PFR) File, Tab 1 at 6-7, 13, 16-19.  The appellant also argues for the first time on review that his resignation was involuntary because he relied on incorrect information from the agency and believed that he could continue working part time beyond September 30, 2014.  *Id.* at 14-15.  Lastly, the appellant contends that the administrative judge made improper credibility determinations, failed to consider all of the evidence, and applied incorrect legal standards.  *Id.* at 5-6, 8-12, 16-17. The agency has filed a response in opposition to the petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the appellant's resignation was voluntary.

¶7        The appellant argues on review that the administrative judge erred in finding that his resignation was voluntary because he did not draft his resignation letter, he did not choose the effective date of his resignation, and he was presented with the option to either sign the memorandum resigning effective September 30, 2014, or resign in early May 2014.  PFR File, Tab 1 at 13, 16.  An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).  An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's

jurisdiction.  *Hosozawa v. Department of Veterans Affairs*, [113 M.S.P.R. 110](#), ¶ 5 (2010).  To overcome the presumption that a resignation was voluntary, the appellant must show that it was the result of the agency's misinformation or deception or was coerced by the agency.  *See Vitale*, [107 M.S.P.R. 501](#), ¶ 19.  To establish involuntariness on the basis of coercion, the appellant must demonstrate that the agency imposed the terms of the resignation, the appellant had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency.  *Hosozawa*, [113 M.S.P.R. 110](#), ¶ 5.

¶8      We are not persuaded that the appellant's resignation was coerced or the result of improper action by the agency.  To the contrary, the record reflects that the appellant voluntarily decided to enroll and attend nursing school full-time beginning in May 2014, knowing that he would be unable to attend class and continue working full-time.  Hearing Compact Disc, Track 2 (testimony of the appellant).  The appellant testified that he would have had to resign from his full-time position in May 2014 to attend class, but for the agency allowing him the opportunity to temporarily work part time through September 30, 2014.  *Id.*  The appellant further testified that he was aware that the agency would not permit him to work part time without a specified end date.  *Id.*  Thus, although the appellant did not draft the resignation letter[3] or suggest the effective date of his resignation, we agree with the administrative judge that there is no evidence that he did not agree to the terms of the resignation letter when he signed it.[4]  ID at 3 n.3.  That

---

[3] On review, the appellant argues that the administrative judge improperly found that he drafted the resignation letter himself.  PFR File, Tab 1 at 13.  However, the record reflects that the administrative judge found that an Operations Support Specialist drafted the memorandum and gave it to the appellant who willingly signed it and agreed to its terms.  ID at 3 n.3.

[4] The appellant does not dispute the administrative judge's findings that he never complained about or requested any changes to his resignation letter.  *See* ID at 7.  We find unavailing the appellant's argument on review that he did not challenge the terms of the resignation letter because the Operations Support Specialist who drafted the letter

the appellant chose to accept the agency's offer to work part-time temporarily instead of resigning immediately does not render his resignation involuntary. Accordingly, we find that the administrative judge properly found that the appellant's resignation was voluntary.[5]

¶9     The appellant also argues for the first time on review that his resignation was involuntary because he relied on misinformation from the agency and believed that he could continue working part time beyond September 30, 2014, based on discussions with his supervisor and information contained in his Standard Form (SF) 50 effecting his change in work schedule from full time to part time, which did not indicate that the arrangement was temporary and showed that his position and tenure remained unchanged. PFR File, Tab 1 at 14-15. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not attempted to show that his new arguments are based on new or material evidence not previously available. Accordingly, the appellant's new arguments will not be considered for the first time on review. In any event, we note that there is no evidence that the appellant's supervisor ever informed him that he could work beyond September 30, 2014. Further, in deciding to resign, the appellant could not have relied on any inaccurate information contained in the SF-50, which was

_____

and gave it to him to sign was not in his chain of command. PFR File, Tab 1 at 13. The appellant was free to raise any concerns regarding the letter to his supervisors before signing it, but chose not to.

[5] On review, the appellant also contends that the administrative judge improperly applied the touchstone of voluntariness analysis as set forth in *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004). PFR File, Tab 1 at 16-17. However, we find that the administrative judge properly cited *Coufal* and that the totality of the circumstances supports the administrative judge's finding that the appellant's resignation was voluntary.

issued on May 18, 2014, after he signed the resignation letter in order to effect his change to a part-time schedule.

<u>The administrative judge properly found that the agency had a valid reason for denying the appellant's request to withdraw his resignation.</u>

¶10    An employee has the right to withdraw his resignation at any time before its effective date unless the agency has a valid reason for refusing to allow the withdrawal.  5 C.F.R. § 715.202(b).  If an agency does not allow the withdrawal of a resignation before its effective date and lacks a valid reason for refusing to allow the withdrawal, a separation based upon the resignation is involuntary and appealable.  *See Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 18 (2008).  The agency must prove by a preponderance of the evidence that it had a valid reason for denying an employee's request to withdraw a resignation. *See Cook v. Department of Defense*, 63 M.S.P.R. 270, 273 (1994).  Valid reasons include, but are not limited to, abolishment of the employee's position and hiring a replacement for the position.  *Id.* at 273-74.

¶11    The administrative judge found that the agency had a valid reason for denying the appellant's request to withdraw his resignation based on the testimony of the appellant's second-level supervisor that the RBR project only had authorization and funding to employ two full-time GS-9 Ranger positions during the relevant time, one of those positions was already filled, and the agency had hired B.G. to fill the full-time vacancy created by the appellant's change to a part-time schedule.[6]  ID at 5-6.  Regarding the appellant's contention that the agency hired a third full-time Ranger shortly after he resigned, the administrative

---

[6] Relying on *Green v. General Services Administration*, 220 F.3d 1313 (Fed. Cir. 2000), the administrative judge also determined that the appellant's agreement to resign in exchange for a temporary part-time position was a valid reason for the agency's denial of his request to withdraw his resignation.  ID at 6-7.  Because we agree with the administrative judge that the agency's hiring of a replacement for the appellant's position constituted a valid reason to deny his request to withdraw his resignation, we need not address the appellant's arguments on review that the circumstances in this case are distinguishable from *Green*.  *See* PFR File, Tab 1 at 12.

judge credited the testimony of the appellant's second-level supervisor that he was able to hire a third full-time GS-9 Ranger in October 2014, after an employee occupying a lower-graded position unexpectedly left and he obtained approval to abolish the lower-graded position and instead hire a third GS-9 Ranger. ID at 6. The administrative judge found the appellant's supervisor's testimony to be more credible than the appellant's because, as the Operations Manager for the RBR project, he was involved in budget and staffing decisions. *Id.*

¶12     On review, the appellant contends that the administrative judge erred in finding that the agency had hired a replacement for him and reiterates his argument below that the individual whom the agency contends was hired to replace him actually was hired to fill another one of the three full-time GS-9 Ranger positions for which the agency had funding and was authorized to fill. PFR File, Tab 1 at 6-7. To that end, the appellant also asserts that the administrative judge erred in crediting his second-level supervisor's testimony regarding the RBR project's budgeting and staffing because such testimony was hearsay, speculative, and inherently improbable, the agency did not provide supporting documentation, individuals with first-hand knowledge were available but did not testify, and there was contradictory evidence in the record. *Id.* at 8-10. The appellant also contends that the administrative judge's credibility determinations did not meet the standard set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). PFR File, Tab 1 at 10-12.

¶13     The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Where, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).

The appellant's arguments amount to his disagreement with the administrative judge's credibility findings and do not provide a basis to disturb the initial decision. The appellant has not provided any evidence that the agency was authorized and funded to hire three GS-9 Ranger positions during the relevant time period and we agree with the administrative judge that the appellant's second-level supervisor is in a better position to have knowledge about the agency's hiring authority. Because the administrative judge's credibility conclusions were complete, based on proper considerations, and consistent with the record, we defer to them on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (the Board will give due deference to the credibility findings of the administrative judge where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Accordingly, we conclude that the administrative judge properly found that the agency had a valid reason for denying the appellant's request to withdraw his resignation.[7]

¶14 Next, the appellant asserts that, in finding that the agency had hired a replacement for his position, the administrative judge failed to consider all of the evidence, including emails which he contends show that human resources erroneously advised his supervisor not to accept the withdrawal of his resignation based on an erroneous assumption that the agency had hired a replacement for his position. PFR File, Tab 1 at 5-6. However, it is well-settled that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the initial decision reflects

---

[7] The appellant's arguments on review that he continued to perform the same job duties that he had performed while he was employed full-time and that there was work he could have continued to perform part-time also do not provide a basis to disturb the initial decision. *See* PFR File, Tab 1 at 1.

that the administrative judge considered the appellant's argument that B.G. was not hired as his replacement, but credited the testimony of his supervisors that B.G. was indeed hired to fill the appellant's full-time position. ID at 5.

¶15    The administrative judge properly found that, under 5 C.F.R. § 715.202(b), the agency was not required to inform the appellant in writing that he would not be permitted to withdraw his resignation. *See* ID at 7-8. The appellant's argument on review that such a requirement exists under the CSRS and FERS Handbook is misplaced because section 41A3.1-1 pertains to the withdrawal of a retirement application, not the withdrawal of a resignation. PFR File, Tab 1 at 17-19; *see* CSRS and FERS Handbook for Personnel and Payroll Offices, Section 41A3.1-1 (Apr. 1988), *available at* http://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.